Receipt Number

566806

19

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**TODD JEFFREY MITZMAN,**
6690 Glenway Drive
West Bloomfield, MI  48322-3907
Individually and on behalf of others
similarly situated

            Plaintiffs,

vs.

**OAKLAND COUNTY MEDICAL
EXAMINER, LJUBISA J.
DRAGOVIC, M.D.,** Individually and in
his official capacity as Medical Examiner
of Oakland County, Michigan, and on
behalf of others similarly situated
200 North Telegraph Road
Building 28
Pontiac, MI  48341

and

**OFFICE OF OAKLAND COUNTY
MEDICAL EXAMINER,** for itself and
on behalf of others similarly situated
200 North Telegraph Road
Building 28
Pontiac, MI  48341

and

**BOARD OF COMMISSIONERS OF
OAKLAND COUNTY, MICHIGAN,**
for itself and on behalf of others similarly
situated
1200 North Telegraph Road
Pontiac, MI  48341-0421

and

Case: 2:08-cv-10393
Judge: Roberts, Victoria A
Referral MJ: Scheer, Donald A
Filed: 01-28-2008 At 03:49 PM
CMP: MITZMAN V. OAKLAND CNTY MED EX
AMINER ET AL (NH)

**PLAINTIFFS' CLASS ACTION
COMPLAINT**

**(JURY DEMAND ENDORSED
HEREON)**

**BRADFORD C. JACOBSEN,**
individually and in his capacity as
commissioner of Oakland County,
Michigan, and on behalf of others
similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**BILL BULLARD, JR.,** individually and
on his capacity as commissioner of
Oakland County, Michigan, and on
behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**MICHAEL J. GINGELL**, individually
and in his capacity as commissioner of
Oakland County, Michigan, and on
behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**TOM MIDDLETON**, individually and
in his capacity as commissioner of
Oakland County, Michigan, and on
behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**JOHN A. SCOTT**, individually and in
his capacity as commissioner of Oakland
County, Michigan, and on behalf of
others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**EILEEN T. KOWALL**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**CHRISTINE LONG**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**JEFF POTTER**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**HUGH D. CRAWFORD**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**MATTIE McKINNEY HATCHETT**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**TIM GREIMEL**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**SUE ANN DOUGLAS**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**ROBERT GOSSELIN**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**MIKE ROGERS**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**JIM NASH**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**KAREN SPECTOR**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**MARCIA GERSHENSON**, individually and in her capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**DAVID WOODWARD**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**TIM BURNS**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**DAVID W. POTTS**, individually and in his capacity as commissioner of Oakland County, Michigan, and on behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**VINCENT GREGORY**, individually
and in his capacity as commissioner of
Oakland County, Michigan, and on
behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**HELAINE ZACK**, individually and in
her capacity as commissioner of Oakland
County, Michigan, and on behalf of
others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**ERIC COLEMAN**, individually and in
his capacity as commissioner of Oakland
County, Michigan, and on behalf of
others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**GEORGE W. SUAREZ**, individually
and in his capacity as commissioner of
Oakland County, Michigan, and on
behalf of others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

and

**DAVID COULTER,** individually and in
his capacity as commissioner of Oakland
County, Michigan, and on behalf of
others similarly situated
1200 North Telegraph Road
Pontiac, MI 48341-0421

Defendants.

Now come Plaintiffs, by and through counsel, and state as their Complaint as follows:

1. Plaintiffs bring this action for damages and class injunctive relief to challenge the practices, standards, customs, policies and procedures employed by Defendants in removing body parts of deceased individuals and retaining said body parts without due process of law, and in violation of equal protection provided by law and other Constitutional rights, including but not limited to liberty, property, privacy and freedom of religion.   Plaintiffs additionally assert pendent state common-law tort claims against Defendants for injuries suffered as a result of the Defendants' conduct. "Body part" or "body parts" as used in this matter is any organ.

2. Plaintiffs bring this action pursuant to 42 U.S.C. Section 1983 which provides for redress for violation of rights secured by the Constitution and laws of the United States. Accordingly, this Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1331 and 1343(3) and (4).  This Court has pendent or supplemental jurisdiction over Plaintiffs' common law tort claims.

3. Plaintiff Todd Jeffrey Mitzman is and was at all times relevant to the allegations herein, a citizen and resident of the State of Michigan.

4. Plaintiff Todd Jeffrey Mitzman was the next-of-kin and husband of Deborah Ann Mitzman, who is deceased.

5. Defendants are residents, citizens or have their principle places of business in Oakland County, Michigan.

6. Defendant Ljubisa J. Dragovic, M.D. is the Medical Examiner of Oakland County, Michigan and is responsible for the budget, operation and policies and procedures of that office including his employees, agents or servants and staff in Oakland County, Michigan.  M.C.L. §52.201c.  Defendant Office of the Medical Examiner of Oakland County is a governmental

department or agency, established by Michigan law, and operating through its agents and employees.

7.    Oakland County, Michigan is a political entity, operating by and through the Oakland County Board of Commissioners.

8.    Defendants Bradford C. Jacobsen, Bill Bullard, Jr., Michael J. Gingell, Thomas Middleton, John A. Scott, Eileen T. Kowell, Christine Long, Jeff Potter, Hugh D. Crawford, Mattie M. Hatchett, Tim Greimel, Sue Ann Douglas, Robrt Gosselin, Mike Rogers, Jim Nash, Karen Spector, Marcia Gershenson, Dave Woodward, Tim Burns, David W. Potts, Vincent Gregory, Helaine Zack, Eric Coleman, George W. Suarez, and David Coulter are the Commissioners of Oakland County, Michigan, individually, and in their official capacities, are ultimately responsible for the practices, standards, customs, policies, and procedures of county offices including the Office of Oakland County Medical Examiner.

9.    The Oakland County Board of Commissioners is statutorily responsible under M.C.L. §52.201a, and other laws, to direct and control the operation of the Medical Examiner's Office of Oakland County, including operations relating to the manner of handling and safe-keeping bodies of deceased individuals.  The Commissioners provide the budget for the coroner to operate that office.

10.  The Oakland County Medical Examiner acted at all times relevant hereto, regarding the matters of this suit, through its employees or others authorized to act on behalf of the Oakland County Medical Examiner.

## CLASS ACTION ALLEGATIONS
### (class of similarly situated Plaintiffs)

11.  Plaintiff brings his claims for declaratory, compensatory and injunctive relief on behalf of all next-of-kin of decedents who have had their decedent's body parts removed and retained by Defendants without notice and/or in reckless disregard of the rights of the next-of-kin.

12.  The class is so numerous that joinder of all members is impracticable. Furthermore, the exact number of such individuals is solely within the knowledge of Defendants and will be determined in discovery.

13.  There are questions of law and fact common to the class. Facts common to the class include: that a body part was removed from the deceased; that the body part was retained or not returned to the body prior to burial; that no notice was given to the next-of-kin that Defendants retained the body part; each next-of-kin will have a cause of action for negligent or intentional infliction of emotional distress; interference with a property right; violation of Due Process and Equal Protection; violation of liberty, privacy and/or religious freedom.

14.  The questions of law common to the class include, but are not limited to: whether the next-of-kin were denied Due Process of law in having the county "take" body parts of their loved ones pursuant to Defendants' practices, standards, custom, policy and procedures; whether Defendants' conduct under color of state law which resulted in the taking without an opportunity to be heard or contest such taking violates Plaintiff's clearly established Constitutional rights.

15.  The claims of the Plaintiff are typical of the claims of the class in that both Plaintiff and class members seek to have the Defendants' conduct declared unconstitutional and to have

the customs, practices, policies and procedures employed by Defendants herein declared unconstitutional and Plaintiff further seeks appropriate injunctive relief.

16.   By virtue of the coextensive nature of the interests and claims of Plaintiff and class members as described above, and by virtue of Plaintiff's intention to vigorously prosecute all claims in the interest of the class, Plaintiff is an adequate representative for all class members.

17.   This action is appropriate for certification of the Plaintiff's class under Federal Rule of Civil Procedure 23(b)(2) in that Defendants' customs, policies and practices apply equally to all class members.   Accordingly, Defendants have acted on grounds generally applicable to the class, thus, making a final declaratory and injunctive relief appropriate with respect to the class as a whole.

18.   Since each individual class member would have different damages, Plaintiff requests that the class be for purposes of liability only and that individual determinations of damages be made in keeping with the present state of the law.

## CLASS ACTION ALLEGATIONS
### (class of similarly situated Defendants)

19.   Plaintiff brings his claims against the named Defendants, in their stated capacity, and as representatives of a class of similarly situated Defendants, to wit, the Commissioners, Boards of Commissioners, and Medical Examiners of all Michigan Counties.

20.   The Defendant class is so numerous that joinder of all members is impracticable.

21.   The named Defendant medical examiner has established practices, standards, customs, policies and procedures, through his employees or others on his behalf, of removing body parts during autopsies but failing to notify Plaintiffs that body parts of their loved ones

have been removed and are not being returned to the body prior to return to the family. The other members of the Defendant class follow a similar practice, standard, custom, policy and procedure of this conduct and of not notifying next-of-kin.

22. There are questions of law and fact common to the class. Facts common to the class include: that a body part was removed from the deceased; that the body part was retained or not returned to the body prior to burial; that no notice was given to the next-of-kin that Defendants retained body parts; each next-of-kin will have a cause of action for negligent or intentional infliction of emotional distress; interference with a property right; violation of Due Process and Equal Protection; violation of liberty, privacy and/or religious freedom.

23. The questions of law common to the class include, but are not limited to: whether the defendants are liable to the next-of-kin for denial of Due Process of law in having the county "take" body parts of their loved ones pursuant to Defendants' practice, standard, custom, policy and procedure; whether Defendants' conduct under color of State law which resulted in the taking without an opportunity to be heard or contest such taking violates plaintiffs' clearly established Constitutional rights.

24. The status and duties of the named Defendants are typical of that of the Defendant class members in that both the named Defendants and the Defendant class members seek to have the Defendants' conduct declared valid and to have the practices, standards, customs, policies and procedures employed by Defendants herein declared valid and to oppose Plaintiff's request for injunctive relief.

25. By virtue of the coextensive nature of the interests and defenses of the named Defendants and the Defendant class members as described above, and by virtue of Defendants'

certain intention to vigorously prosecute all defenses in the interest of the Defendants' class, the named Defendants are adequate representatives for all Defendant class members.

26. This action is appropriate for certification of the Defendants' class under Federal Rule of Civil Procedure 23(b)(2) in that Defendants' customs, policies and practices apply equally to all class members. Accordingly, Defendants have acted on grounds generally applicable to the class, thus, making a final declaratory and injunctive relief either appropriate, or not, with respect to the class as a whole.

27. In this case, the conduct complained of is asserted against each Defendant in the proposed class. In this case, the pertinent laws, both federal and state, are equally applicable to all of the proposed Defendant class members.

28. The members of the Defendant class are all similarly situated public officials who share common duties and responsibilities under the laws of Michigan and are commonly subject to the due process requirements of the Constitution of the United States.

29. The common set of statutes and laws under which the Defendant class operates give rise to a common set of defenses based thereon.

30. The common status of the Defendant class as county officials gives rise to a common set of potential immunities.

31. The defenses available to the named Defendants are typical of the defenses available to the class of Defendants.

32. If the Plaintiff were to proceed against individual members of the class, these separate actions could result in inconsistent and varying adjudications which would establish incompatible standards of conduct for the Defendant class.

33.  Under Civ.R. 23(b)(1)(B) individual determinations as to the nature of the next of kin's property interest and what process is due to protect that interest would, as a practical matter, be dispositive of the obligations, and thus the interests, of the named Defendants and other members of the Defendant class.  The determination as to the existence of a property interest, as a practical matter, puts the whole panoply due process rights and obligations into play for all members of the Defendant class.  Differing determinations would substantially impair or impede the ability of the other members of the Defendant class to protect their interests.

34.  The class of Defendants, as public officials, would aspire to comply with the constitutional requirement of due process.  A clear, class-wide articulation of those standards would promote that compliance and ultimately would be beneficial to both Plaintiff and Defendant classes.

## COUNT ONE

35.  After the death of Deborah Ann Mitzman, possession of her body was taken by the Oakland County Medical Examiner's Office or others on its behalf.

36.  Defendant Oakland County Medical Examiner's Office, or others on its behalf, performed an autopsy upon the body of Deborah Ann Mitzman.

37.  The autopsy report demonstrates that the decedent's brain was taken.

38.  Plaintiff Todd Jeffrey Mitzman's wife's brain was removed and kept by the Coroner's Office, or others on its behalf, after autopsy.

39.  Plaintiff Todd Jeffrey Mitzman was never informed by the Oakland County Medical Examiner's Office that it had retained his wife's brain (i.e., "body part") after the autopsy had been completed.

13

40. Plaintiff Todd Jeffrey Mitzman therefore buried his wife without all of her body parts, and without any notice from Defendant of that fact.

41. Plaintiff Todd Jeffrey Mitzman has suffered legal damages, including but not limited to serious emotional distress, loss of property, privacy, freedom of religion, and loss of liberty, to bury his wife intact.

42. Plaintiff Todd Jeffrey Mitzman never gave consent or permission to Oakland County to remove and keep his loved one's brain.

43. Defendants never notified Plaintiff Todd Jeffrey Mitzman that they had retained a body part of his loved one.

44. The Oakland County Medical Examiner's Office, or others on its behalf, makes a practice, and has a standard, custom, policy and procedure, of removing body parts to perform autopsies and does not reveal or inform the next-of-kin that such body parts are not returned to the body or the family.

45. The law in this area has been clearly established by the Sixth Circuit in *Whaley V. City of Tuscola*, 58 F.3d 1111 (6th Cir., 1995). The Sixth Circuit held that family members do have a property interest in the body parts of their dead loved one which is protected by the Constitution and is enforceable pursuant to 28 U.S.C. Section 1983.

46. In conscious disregard of the federal court rulings and the constitutionally protected rights of Plaintiff Todd Jeffrey Mitzman and the class, the Oakland County Medical Examiner's Office, or others on its behalf, continues to "take" body parts and deprive families of their loved one's entire body for burial without notice to the families.

47. Plaintiff Todd Jeffrey Mitzman is representative of the class of others similarly situated, as the next-of-kin of a decedent who has undergone an autopsy by a Michigan Coroner,

14

or on its behalf, and have had their loved one's body parts removed and not replaced in Michigan prior to the body being released to the family.

48. This action should be certified as a class for purposes of liability in that there are common questions and law and fact as to liability that are present in each case and a class action is a more appropriate vehicle to determine the liability phase.

49. Plaintiff Todd Jeffrey Mitzman and his Counsel can adequately represent the class and prosecute and protect the interests of other class members similarly situated.

50. The proposed class is the next-of-kin of any and all decedents whose body was autopsied and had body parts removed and not returned in Michigan prior to release of the body to the family for burial from July 12, 1995 and thereafter. The class does not include employees or agents of any Defendant.

WHEREFORE, Plaintiff Todd Jeffrey Mitzman prays for

a.      Bilateral certification of this matter, for a Defendant class of (1) all county medical examiners in the State of Michigan who have removed, retained, and not returned body parts in Michigan without prior notice to next-of-kin, and the Office of same; (2) all Boards of County Commissioners and the County Commissioners for said counties; and (3) a Plaintiff class of all next-of-kin of decedents who have, since July 12, 1995, had their decedents' body parts removed, retained and not returned in Michigan by any member of the Defendant class without notice and/or in reckless disregard of the rights of the next-of-kin;

b.      An accounting of any and all body parts of those decedents and the whereabouts of said body parts;

c.      An injunction forbidding Defendants from disposing of or destroying any body parts which are the subject of this suit; declaratory relief in finding the practices and policies of Defendants violative of the Constitution;

d.      Declaratory relief that Defendants' practices are unconstitutional under these circumstances; for further injunctive relief appropriate under the circumstances, including but not limited to a Decree forbidding Defendants from continuing to violate Plaintiffs' Constitutional rights and enjoining Defendants from taking and keeping body parts without consent or knowledge of decedents' next-of-kin; and

e.      Damages in EXCESS of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and cost; punitive damages appropriate to the conscious disregard of Plaintiffs' rights; and for whatever other relief the court deems just under the circumstances.

## JURY DEMAND

Plaintiff Todd Jeffrey Mitzman demands that the within the matter be heard by a jury.

Respectfully Submitted,

Patrick J. Perotti [Ohio #0005481]
                    (pro hac vice pending)
Erik L. Walter [Ohio #0078988]
                [Michigan #P-55132]
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(216) 352-3391 [Telephone]
(216) 352-3469 [Fax]
pperotti@dworkenlaw.com

16

John H. Metz [Ohio #0019039]
          (pro hac vice pending)
4400 Carew Tower
441 Vine Street
Cincinnati, OH  45202
(513) 241-8844 [Telephone]
(513) 241-6090 [Fax]
metzlegal@aol.com
Attorneys for Plaintiffs

cv 11/04)

# CIVIL COVER SHEET
County in which this action arose ___Oakland___

44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...ded by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose ...itiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TODD JEFFREY MITZMAN, Individually and on behalf of others similarly situated

**(b)** County of Residence of First Listed Plaintiff ___Oakland___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick J. Perotti, Esq. and Erik L. Walter, Esq.; Dworken & Bernstein Co., L.P.A.; 60 South Park Place; Painesville, OH 44077 (440-352-3391) - and - John H. Metz, Esq.; 4400 Carew Tower; 441 Vine Street; Cincinnati, OH 45202 (513-241-8844)

## DEFENDANTS
OAKLAND COUNTY MEDICAL EXAMINER, LJUBISA J. DRAGOVIC, M.D., in his official capacity as Medical Examiner of Oakland County, Michigan, and on behalf of others similarly situated, et al

County of Residence of First Listed Defendant ___Oakland___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)
- ❏ 1  U.S. Government Plaintiff
- ✔ 3  Federal Question (U.S. Government Not a Party)
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)

Case: 2:08-cv-10393
Judge: Roberts, Victoria A
Referral MJ: Scheer, Donald A
Filed: 01-28-2008 At 03:49 PM
CMP: MITZMAN V. OAKLAND CNTY MED EX
AMINER ET AL (NH)

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 340 Marine | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| | ❏ 345 Marine Product Liability | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 195 Contract Product Liability | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS – Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900 Appeal of Fee Determination Under Access to Justice |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | | | |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)
- ✔ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Governmental taking of body parts without notice in violation of Constitution.

## VII. REQUESTED IN COMPLAINT:
✔ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Over $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ✔ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
January 23, 2008

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# ⌐RSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously          ☐ Yes
            discontinued or dismissed companion cases in this or any other          ☑ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :