**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN WAESCHLE, individually
and on behalf of others
similarly situated,

        Plaintiff(s),        CASE NUMBER: 08-10393
                                        HONORABLE VICTORIA A. ROBERTS

v.

**OAKLAND COUNTY MEDICAL EXAMINER,
LJUBISA J. DRAGOVIC, M.D.**, individually
and in his official capacity as Medical Examiner
of Oakland County, Michigan, and on behalf
of others similarly situated,

        Defendant(s).
_____/

**ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Karen Waeschle's ("Waeschle") "Motion to Alter or Amend." (Doc. #66). Waeschle asks the Court to vacate the dismissal of her negligent infliction of emotional distress claim under Fed. R. Civ. P. 59(e).

Waeschle's motion is **DENIED**.

**II.    PROCEDURAL HISTORY**

On September 19, 2008, the Court dismissed Waeschle's negligent infliction of emotional distress claim for two reasons. First, the Court held Waeschle does not allege that she witnessed a negligent injury to her deceased mother, Katherine Weins

1

("Weins"). Second, the Court held that negligent infliction of emotional distress is not the appropriate cause of action for failure to notify family members that the returned body of a deceased relative does not have all organs.

Waeschle filed this timely motion.

### III. STANDARD OF REVIEW

Waeschle cannot use Fed. R. Civ. P. 59(e) to raise an argument which could, and should, have been made before the Court ruled on Defendants' Motion for Summary Judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a motion under Fed. R. Civ. P. 59(e) can only be granted to prevent manifest injustice, or, if there is a clear error of law, newly discovered evidence, or an intervening change in controlling law. *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Waeschle's motion is based on clear error.

### IV. APPLICABLE LAW AND ANALYSIS

Waeschle says she has a viable cause of action for negligent infliction of emotional distress because the law does not require plaintiffs to witness a negligent injury if the case is about the mutilation of dead bodies. Waeschle cites three Michigan cases in support of her argument.

However, none of the cases cited by Waeschle – *Daley v. LaCroix*, 384 Mich. 4 (1970); *Rauhe v. Langeland Mem'l Chapel*, 30 Mich.App. 665 (1971); and *Allinger v. Kell*, 102 Mich.App. 798 (1981) – deals with the issue before this Court: whether Waeschle has a viable claim for negligent infliction of emotional distress when there is

2

no dispute that she did not witness a negligent injury to Weins. In *Daley*, the Court considered whether physical impact to a plaintiff must be shown in order for a plaintiff to recover for emotional distress damages that may later lead to physical harm (loss of appetite, e.g.). The court overruled a long-standing rule in Michigan jurisprudence and held that a cause of action in tort exists notwithstanding the absence of physical impact on the plaintiff, if mental shock leads to definite and objective physical injury. *Daley*, 384 Mich. at 12-13. The *Daley* court did not name this cause of action "negligent infliction of emotional distress," as Waeschle states in her Reply Brief.

*Rauhe* simply considered whether *Daley* was to apply retroactively or prospectively only.

The third case cited by Waeschle – *Allinger* – reaffirmed that claims based on the unlawful mutilation of dead bodies are claims based on injury to the persons with an interest in the body: their right to have the corpse under their control delivered for burial and interred without mutilation, *Allinger*, 102 Mich.App. at 808-10. *Allinger* reaffirmed also that such plaintiffs need not show physical impact. *Id.* at 809. In *Allinger*, the county deputy medical examiner removed the hands and hair from the corpse of the plaintiffs' daughter. Plaintiffs filed suit against the funeral home, the owner of the funeral home, and the county deputy medical examiner. The complaint alleged: (1) the funeral home breached its duty to them by allowing the mutilation; (2) defendants breached their duty to disclose the mutilation; (3) the funeral home breached its contract for burial by allowing the mutilation to occur; and (4) the medical examiner acted without authority or right. *Id.* at 805-06. There was not even a claim for negligent infliction of emotional distress. Plaintiffs appealed the trial court's grant of a motion for summary

judgment on all claims.

While the Michigan Court of Appeals affirmed the result of the trial court's ruling, it held the trial court was incorrect to hold that plaintiffs' claim could not survive because they could not show their mental anguish was contemporaneous with the mutilation of the corpse. *Id.* at 810. The theory of recovery, said the court, is interference with the right to bury a deceased relative's body, and the measure of damages for the mutilation is the mental anguish or humiliation suffered by the plaintiffs. *Id.* at 808-09 (citations omitted). Relying on *Daley*, *Allinger* held recovery for emotional distress damages caused by defendants' tortious behavior is available without physical impact. *Id.* at 809.

This Court has never suggested Waeschle must show physical impact in order to pursue a claim for unlawful mutilation of a body. The Court has simply held that a claim styled "negligent infliction of emotional distress," is one that historically requires as an element, that plaintiff prove he or she witnessed the infliction of injury on someone with whom plaintiff has a close relationship. Waeschle does not allege this in the Complaint.

Defendants cite *Summers v. Hurley Med. Ctr.*, 2007 WL 2404621 (Mich.App. Aug. 23, 2007) for the proposition that Waeschle does not have a viable cause of action for negligent infliction of emotional distress because she did not witness a negligent injury to Weins.

In *Summers*, the Michigan Court of Appeals held that negligent infliction of emotional distress "is a limited tort that is recognized where a person witnesses the negligent injury or death of a third person. It has not been extended to other situations." *Summers*, 2007 WL 2404621 at *5 (citing *Duran v. Detroit News, Inc.*, 200 Mich.App. 622, 629 (1994); *Gustafson v. Faris*, 67 Mich.App. 363, 369 (1976); *Nugent v.*

4

*Bauermeister*, 195 Mich.App. 158, 161 (1992)).  This is a correct statement of the law.

In the Complaint, Waeschle asks for over $75,000.00 in damages.  The damages Waeschle receives, if any, will be measured by the amount of emotional distress she allegedly suffered as a result of Defendants' interference with her right to bury Weins's complete body.

**V.   CONCLUSION**

The Court exercises its discretion to **DENY** Waeschle's motion.  *See Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).  Waeschle does not have a viable cause of action for negligent infliction of emotional distress.  As stated by the Court in its original Order, she may have a viable state law claim for the retention and destruction of her mother's body part without notice, but negligent infliction of emotional distress is not the correct cause of action.  If Waeschle succeeds on her 42 U.S.C. §1983 due process claim, however, her request for monetary relief will be measured by the amount of emotional distress suffered.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 29, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 29, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk