UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN WAESCHLE, individually and on
behalf of others similarly situated,

    Plaintiff,

vs                                            Case No: 08-10393
                                               Honorable Victoria A. Roberts

OAKLAND COUNTY MEDICAL
EXAMINER, LJUBISA DRAGOVIC, M.D,
ET AL,

    Defendants.
_____/

**ORDER**

**1.    BACKGROUND**

The facts of this case were set forth in an earlier decision of this Court (08-10393), and in *Waeschle v Dragovic*, 576 F. 3d 539, 542 (6th Cir. 2009).

The Sixth Circuit reversed an earlier judgment of this Court which denied summary judgment to Oakland County. The Sixth Circuit also remanded the case, with the instruction that this Court certify a question to the Michigan Supreme Court, and conduct further proceedings as are necessary for the proper disposition of the case.

In its Opinion, the Sixth Circuit held that the merits of Waeschle's constitutional claim depend primarily on whether, under Michigan law, Waeschle had a property interest in her deceased mother's brain. The Sixth Circuit cited to *Women's Med. Prof'l Corp. v Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (explaining that the question of whether a constitutionally protected property interest exists is often a question of state law).

Specifically, the Sixth Circuit said that Waeschle's federal due process claim turns on the answer to the following state-law question; it is this question which the Sixth Circuit directed this Court to certify to the Michigan Supreme Court:

> Assuming that a decedent's brain has been removed by a medical examiner in order to conduct a lawful investigation into the decedent's cause of death, do the decedent's next-of-kin have a right under Michigan law to possess the brain in order to properly bury or cremate the same after the brain is no longer needed for forensic examination?

The Michigan Supreme Court answered the question:

> No, assuming that a decedent's brain was removed by a medical examiner to conduct a lawful investigation into the decedent's death, the decedent's next of kin does not have a right under Michigan law to possess the brain in order to properly bury or cremate the same after the brain is no longer needed for forensic examination.

The Sixth Circuit went on to explain its decision. It stated that the Michigan governing statute only required prompt return of "the body," that it permitted the medical examiner to retain portions of the body for crime detection purposes, and accordingly, there was no clear right under then existing law for next of kin to have a brain lawfully removed and retained for forensic examination, returned to them. *Waeschle v. Dragovic*, 576 F.3d 539, 549-50 (6th Cir. 2009). That Michigan governing statute says:

> The county medical examiner shall, after any required examination or autopsy, promptly deliver or return the body to relatives . . . except that the medical examiner may retain, as long as may be necessary, any portion of the body believed by the medical examiner to be necessary for the detection of any crime. MCLA 52.205(S)(5)

The Sixth Circuit concluded its Opinion by stating that no Michigan case law gives next of kin a possessory right to a decedent's brain following a lawful forensic

examination.  *Waeschle, supra* at 550.

Following this ruling, Defendant Oakland County filed a Motion for Summary Judgment here, asking the Court to rule that there is no genuine issue of material fact that the autopsy performed on Karen Waeschle's mother was lawful, and that Defendant is entitled to judgment as a matter of law.

Plaintiff opposes the motion.  She says that the remaining issue in this case is not whether the autopsy was lawful; the issue is whether the taking and retention of the body parts without return after the autopsy concluded, was lawful.  Plaintiff's position is that while the State is fully allowed to perform an autopsy for the purpose of determining the cause of death, there are limits to that jurisdiction.  Plaintiffs say that State jurisdiction ends once the body parts are no longer needed by the State.  Plaintiff contends that once the cause of death is pronounced, the state must return the body parts to next of kin.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant

meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

### III.   ANALYSIS

The Court agrees with the analysis set forth by Defendant Oakland County in its Brief, and believes that the Michigan Supreme Court effectively made a decision on the merits of Waeschle's federal constitutional claim when it held that she has no property interest in her deceased mother's brain under Michigan law.

The Michigan Supreme Court said two things fatal to Plaintiff's cause of action: (1) If the autopsy was lawful, and the brain was removed for crime detection purposes, the next of kin have no possessory interest in the brain once the body is returned to the next of kin; and (2) there is no state case law which grants the next of kin a possessory interest in body parts -- distinguished from the body -- following a forensic examination. *In re: Certified Question (Waeschel v. Oakland Co. Med. Examiner)*, 488 Mich 1, 3-4 (2010).

The upshot of this holding by the Michigan Supreme Court, is that there is no

state property right on which Plaintiff can base her 42 U.S.C. §1983 claim.

## III.   CONCLUSION

Defendant is entitled to judgment.

Plaintiff's Motion to Reinstate Summary Judgment Order For A Limited Class is **MOOT**.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 24, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 24, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |